FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

OCT 1 8 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| JAMES PETE ANTHONY CERDA, <br> SID # 804258, <br><br> Petitioner <br><br> v. <br><br> STATE of TEXAS, <br><br> Respondent | Civil Action <br> No. SA-17-CA-1023-DAE |

# DISMISSAL ORDER

Before the Court is Petitioner James Pete Anthony Cerda's pro se 28 U.S.C. § 2241 Habeas Corpus Petition.

The public record shows Petitioner Cerda is in the custody of the Bexar County Adult Detention Center (BCADC) charged with aggravated kidnaping in Case No. 2016-CR-9270A in the Texas 186th Judicial District Court. Petitioner was indicted October 3, 2016, and is represented by appointed counsel Miguel Najera. The case is set for trial January 5, 2018. Cerda's § 2241 Petition contends there is no evidence to support his prosecution, and thus he is being wrongly prosecuted, and his prosecution violates his right to a speedy trial.

Cerda's § 2241 Habeas Corpus Petition shall be dismissed without prejudice: First, Cerda is represented by counsel in the criminal proceedings; therefore he is not entitled to file pro se briefs in this Court challenging the same proceeding. *See U.S. v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir.) ("'[T]here is no constitutional right to hybrid representation. . . . By accepting the assistance of counsel the [defendant] waives his right to present pro se briefs." ), *cert. denied*, 528 U.S. 1055 (1999). Second, the Petition is premature because the criminal case is still pending and he has not

been convicted. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). There are no special circumstances in this case warranting federal habeas relief. Third, there is no showing Petitioner exhausted his state remedies. *See id.* at 489–90. Fourth, Petitioner's indictment establishes probable cause for his prosecution, and therefore there is no basis for his wrongful arrest or prosecution claims. *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004).

Accordingly, Petitioner Cerda's § 2241 Habeas Corpus Petition is **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED** as moot.

DATED: October 18, 2017

DAVID A. EZRA
Senior United States District Judge